UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANAA MADNI,

                *Plaintiff,*

        -against-

INTERNAL MEDICINE ASSOCIATES P.C.,
d/b/a "MEDICAL ASSOCIATES,"
and RAJESH RAINA, M.D., individually,

                *Defendants.*
------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

        Plaintiff, **SANAA MADNI**, by and through her attorneys, **GUSTMAN LAW P.C.**, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991), Pub. L. No. 102-166 ("Title VII"), and the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq., ("NYSHRL"). Plaintiff seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of sex, gender, race, national origin, sexually harassed, subjected to a hostile work environment, and retaliated against. Plaintiff also seeks damages for assault and battery.

### JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as one or more Defendants reside within the Eastern District of New York or the acts complained of occurred therein.

5. All conditions precedent maintaining to this action have been fulfilled. Plaintiff filed a Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue letter in connection to Plaintiff's EEOC Charge, which was received by Plaintiff on March 19, 2021. Plaintiff commenced this action within ninety (90) days of the issuance of the Notice of Right to Sue by the EEOC. Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed here to as **Exhibit A**.

## PARTIES

6. Plaintiff SANAA MADNI ("Plaintiff") is a female resident of the County of Suffolk in the State of New York.

7. That at all times relevant hereto, Defendant INTERNAL MEDICINE ASSOCIATES P.C. ("INTERNAL MEDICINE") was and still is a domestic professional corporation duly existing under the laws of the State of New York, which is owned and operated by Defendant RAJESH RAINA, M.D. and has their principle place of business located at 214-20 73rd Avenue, Bayside, New York 11364.

8. That at all times relevant hereto, Defendant INTERNAL MEDICINE operates several medical clinics in the New York City area as well as within the State of New York.

9. That at all times relevant hereto, Defendant INTERNAL MEDICINE employed Plaintiff as a Medical Assistant.

10. That at all times relevant hereto, Defendant RAJESH RAINA, M.D. ("RAINA") is INTERNAL MEDICINE's Chief Executive Officer and head physician.

11. That at all times relevant hereto, RAINA was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

12. That at all times relevant hereto, RAINA is a male.

13. Upon information and belief, Defendant INTERNAL MEDICINE employs at least fifteen (15) or more employees.

14. That at all times relevant hereto, Defendants INTERNAL MEDICINE and RAINA are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15. On or around August 2018, Plaintiff was hired by Defendants as a "Medical Assistant" at its 243 Boyle Road, Selden, New York 11784 location.

16. As a Medical Assistant, Complainant's primary job duties were to provide administrative support to Defendant INTERNAL MEDICINE's Medical Doctors, including Defendant RAINA. Plaintiff assisted with patient intake, patient care, and other ministerial tasks.

17. After hiring Plaintiff, Defendant INTERNAL MEDICINE gave Plaintiff a copy of their employee handbook which states on Page 15,

> "Supervisors and non-supervisors are also prohibited from participating in sexually harassing conduct that may create an offensive work environment, whether physical or verbal. This includes, but is not limited to, **repeated offensive or unwelcome sexual flirtations, advances, physical contact, propositions, verbal commentaries about an individual's body, sexually degrading words or gestures, and the display of sexually suggestive objects or pictures.**"

18. Throughout her employment for the Defendants, Plaintiff never received any negative performance reviews regarding her job duties. Instead, Plaintiff received favorable reviews.

19. Plaintiff's work environment became permeated with hostility related to her sex/gender on or around August 2019, when Plaintiff's work schedule began to align with that of Defendant RAINA.

20. Defendant RAINA, Plaintiff's supervising physician and CEO of Defendant INTERNAL MEDICINE, began growing an unhealthy, unprofessional, and nonconsensual attraction to Plaintiff and would overwhelm Plaintiff with unwanted physical touching and inappropriate comments.

21. In or around August 2019, Defendant RAINA began making sexually inappropriate comments to Plaintiff in person and via text message.

22. From August 2019 until 2020, RAINA regularly committed egregious acts of sexual harassment by saying inappropriate things to Plaintiff which were sexual in nature, by leering at Plaintiff, and by touching her inappropriately, including touching her breast/chest area and back without consent.

23. In or around August 2019, RAINA began making inappropriate remarks to Plaintiff in her parent's native/ethnic language. RAINA used his position of power to humiliate Plaintiff with these remarks and targeted Plaintiff due to her race, color, and/or national origin.

24. On or about August 25, 2019, RAINA text messaged Plaintiff about eating kebab. Before that day, RAINA had brought up the subject of eating kebab several times to Plaintiff despite the fact that Plaintiff would ignore RAINA and/or change the subject whenever he asked Plaintiff about eating kebab.

25. RAINA text messaged Plaintiff, "Saw your picture. When do you want to eat kebab?" Attempting to repudiate RAINA's unwanted advances, Plaintiff responded that she was a

vegetarian. RAINA persisted stating, "Lol ok be vegetarian. First you say you like kebab and now you become vegetarian."

26. Defendant RAINA's constant sexual advances and flirtation continued regularly and continuously throughout this time.

27. On or about April 4, 2020, RAINA text messaged plaintiff stating, "**Sanaa get some vitamin D.** Improves immunity." Plaintiff further repudiated RAINA's advances stating via text message, "I have plenty at home." Incapable of taking no for an answer, RAINA continued, "Vitamin Z also helps." Plaintiff responded, "Zinc?"

28. RAINA replied, "No I make it, if you want it will cost you very effective," Plaintiff responded and asked, "How do you make it?" RAINA replied, "I can't tell you I sell it, I could give you a discount, supply is limited **only one person gets it in a week**." RAINA continued with his perverted sexual innuendos and texted, "**Everything needs to be taught**." RAINA instructed Plaintiff that **she must apply** for the vitamins and that Plaintiff should indicate, "I am hereby applying to get vitamin z and x and understand there may be side effects associated with it. **If approved, it has to be delivered personally**."

29. These text messages made Plaintiff feel harassed, violated, intimidated, uncomfortable, and scared.

30. At all times material, JEANETTE HANSEN (hereinafter also referred to as "HANSEN") was Defendant INTERNAL MEDICINE's Office Manager at its 243 Boyle Road, Selden, New York 11784 location.

31. At all times material, HANSEN was Complainant's supervisor and/or had supervisory authority over Plaintiff.

32. On or about April 9, 2020, Plaintiff verbally reported RAINA's inappropriate behavior to her supervisor, Jeanette Hansen, Defendants' office manager. Unfortunately, no action was taken by Ms. Hansen when Plaintiff's complaints were reported.

33. Throughout August 2019 and April 2020, RAINA continually harassed, intimidated, and bothered Plaintiff. As a result, Plaintiff suffered severe emotional distress.

34. On or about April 23, 2020, Plaintiff was working at Defendant INTERNAL MEDICINE's Mount Sinai location, located at 5499 Nesconset Highway, Mt. Sinai, New York 11766, to cover for Brian Smith, another Medical Assistant employed by INTERNAL MEDICINE. That day, the office celebrated Plaintiff's birthday. One of the staff members wrote happy birthday on the company whiteboard.

35. Later that same morning, RAINA approached Plaintiff and asked if she wanted anything to celebrate for her birthday. Specifically, RAINA asked, "**Do you want kebab**? Do you want a birthday cake?" Plaintiff, feeling humiliated and harassed, politely declined.

36. Later that afternoon, RAINA showed Plaintiff his phone which pictured an attractive female student/resident and stated, "**This is how I have fun**." RAINA bragged by saying, "I will get her to Selden in (4) four years."

37. Later that same afternoon, and without Plaintiff's consent, RAINA included Plaintiff in a FaceTime call between RAINA and his daughter. RAINA asked his daughter, "**Isn't she pretty?**" in reference to the Plaintiff. Plaintiff simply walked away.

38. Moments later, while Plaintiff was working in one of the examination rooms setting up a telemedicine conference, RAINA walked in and slowly approached Plaintiff from the front. **RAINA then squatted down near Plaintiff's personal space and slowly rubbed Plaintiff's breast/chest area multiple times, consistently moving his hand back and forth. RAINA**

then rubbed Plaintiff's back and neck in a sexually inappropriate way. **After the sexual assault, RAINA simply walked out of the examination room without saying anything**. As a result thereof, Plaintiff stayed in the room as she was frozen from the shock.

39. RAINA's sexual assault and battery were retaliatory acts resulting from Plaintiff's rejection of RAINA's constant sexual advances carried out between August 2019 and 2020.

40. At all times material, Ms. Boyd was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

41. Moments later, **Plaintiff reported RAINA's sexual assault to the Mount Sinai office manager, Brittany Boyd. Feeling very upset and violated, Plaintiff asked a fellow co-worker named Cheryl Fahey to sit next to her so that she would not have to be alone**.

42. On or about April 24, 2020, the next day, **Plaintiff reported RAINA's sexual harassment and physical acts to Ms. Hansen. Plaintiff asked not to be scheduled to work anywhere near Defendant RAINA**.

43. In further retaliation for Plaintiff's complaints of sexual harassment and sexual assault, Defendant INTERNAL MEDICINE retaliated against the Plaintiff by changing Plaintiff's schedule to days she did not want to work and restricted Plaintiff by not allowing her to work solely for one physician. This resulted in Plaintiff losing one (1) full workday from her weekly schedule.

44. After the April 23, 2020 sexual assault and battery, and despite having requested not to work near Dr. Raina, Plaintiff was forced to work in close proximity to Defendant RAINA. As a result, Plaintiff suffered severe emotional distress.

45. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

46. Defendants would not have harassed Plaintiff but for her sex/gender (female).

47. Defendants would not have harassed Plaintiff but for her race, color, and/or national origin.

48. Defendants would not have retaliated against Plaintiff but for her complaints of sexual harassment and sexual assault/battery. In addition, RAINA would not have retaliated against Plaintiff but for her rebuffing and declining RAINA's sexual advances. Defendant RAINA retaliated against Plaintiff because Plaintiff was not interested in RAINA's sexual advances.

49. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

50. The above are just some of the ways Defendants discriminated and retaliated against Plaintiff.

51. INTERNAL MEDICINE had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendant RAINA.

52. Plaintiff's performance was, upon information and belief, exemplary during the course of her employment with Defendants.

53. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

54. As a result of Defendants' discriminatory conduct, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments which has also caused Plaintiff to seek medical and professional attention.

55. As a result of Defendants' conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also suffered emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. Defendants' conduct has been willful, malicious, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages against Defendants, jointly and severally.

57. Defendants discriminated against Plaintiff because of her sex/gender, race, color, and national origin.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

58. Plaintiff repeats reiterates and realleges each and every allegation made in the above paragraphs of this Complaint.

59. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (female) and race/color and national origin.

60. Defendants engaged in unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender (female), race/color, and national origin, as well as creating a hostile work environment.

61. Plaintiff makes a claim against Defendants under all applicable paragraphs of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

62. Defendants have violated the above statutes and Plaintiff suffered compensatory and punitive damages as a result thereof.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

63. Plaintiff repeats reiterates and realleges each and every allegation made in the above paragraphs of this Complaint.

64. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) "to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

65. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e et. seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

66. Plaintiff makes a claim against Defendants under all applicable paragraphs of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-3(a).

67. Defendants violated the above statutes and Plaintiff suffered compensatory and punitive damages as a result thereof.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

68. Plaintiff repeats reiterates and realleges each and every allegation made in the above paragraphs of this Complaint.

69. New York State Executive Law §296(1)(a) provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, **race**, creed, **color**, **national origin**, sexual orientation, gender identity or expression military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or status as a

victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

70. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex (female) and race/color and national origin, as well as creating a hostile work environment.

71. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of New York State Executive Law Section 296.

72. Defendants violated the above statute and Plaintiff suffered compensatory and punitive damages as a result thereof.

### AS A FOURTH CAUSE OF ACTION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

73. Plaintiff repeats reiterates and realleges each and every allegation made in the above paragraphs of this Complaint.

74. New York State Executive Law §296(7) provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

75. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff because of her opposition to the unlawful employment practices of Defendants.

76. Defendants violated the above statute and Plaintiff suffered compensatory and punitive damages as a result thereof.

## AS A FIFTH CAUSE OF ACTION FOR ASSAULT AND BATTERY
## UNDER THE NEW YORK COMMON LAW
## AGAINST DEFENDANT RAINA INDIVUDALLY

77. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint.

78. By his actions set forth above, Defendant RAINA subjected Plaintiff to assault and battery. Defendant RAINA intentionally subjected Plaintiff to harmful and/or offensive physical contact. Defendant RAINA further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact by touching her chest/breast, back and neck without consent.

79. As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained personal injuries and severe emotional distress.

## JURY DEMAND

80. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgement against Defendants jointly and severally:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq., and the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., in that Defendants discriminated against Plaintiff on the basis of her sex/gender (female), race/color and national origin, created and/or permitted her to suffer a hostile work environment, and retaliated against Plaintiff for engaging in protected activity.

B. Awarding Plaintiff compensatory damages for lost wages, mental and emotional injury, distress, personal injury, pain and suffering and injury to her reputation in an amount to be proven at the time of trial.

C. Awarding Plaintiff punitive damages.

D. Declaring Defendant RAINA responsible for personal injuries sustained to the Plaintiff as a result of subjecting Plaintiff to an assault and battery.

E. Awarding damages resulting from Defendants' unlawful harassment, discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices.

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper.

Dated: New York, New York
April 21, 2021

                                        Respectfully Submitted,
                                        **GUSTMAN LAW P.C.**
                                        *Attorney for Plaintiff*

                                        Brian Gustman, Esq.
                                        11 Broadway, Suite 615
                                        New York, New York 10004
                                        (212) 487-8626
                                        (866) 855-5008/Fax
                                        bgustman@gustmanlaw.com

# EXHIBIT A

EEOC Form 161-B (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Sanaa Madni**
**108 Days Avenue**
**Selden, NY 11784**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

EEOC Charge No.: **520-2021-00154**

EEOC Representative: **Gwendolyn D. Hoy, Investigator**

Telephone No.: **(929) 506-5313**

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Gwendolyn D Hoy
Digitally signed by Gwendolyn D Hoy
DN: cn=Gwendolyn D Hoy, o=EEOC, ou=NYDO,
email=gwendolyn.hoy@eeoc.gov, c=US
Date: 2021.03.02 14:55:42 -05'00'

For

Enclosures(s)

**Judy A. Keenan,**
**District Director**

(Date Issued)

cc:  **Alex Umansky**
**Counsel**
**OlenderFeldman LLP**
**422 MORRIS AVE**
**Summit, NJ 07901**

**Brian Gustman, Esq.**
**GUSTMAN LAW, P.C.**
**11 Broadway, Suite 615**
**New York, NY 10004**